## Trustees of Princeton College v. Board of Trustees of Princeton.

**Highways—Dedication.**

Where an owner of land fences it with reference to a road thereon, and such road was kept in repair by the surveyor and hands from time to time appointed by the county court, and the owner of the land together with the surveyor kept it in repair, a dedication is shown.

**Highways—Dedication—Repair of Highway.**

The public is under no obligation to keep in repair a greater portion of a road than the necessity requires, and failure to do so does not affect the question of dedication.

**Highways—Estoppel of Purchaser.**

The purchaser of land over which a road runs is bound by the same estoppel that would have bound the vendor had he retained the title, and it cannot escape the effect of such estoppel because the public trespassed upon the property when it was unenclosed, nor because it was allowed to encroach upon the highway without complaint.

APPEAL FROM CALDWELL CIRCUIT COURT.

September 26, 1873.

OPINION BY JUDGE LINDSAY:

It seems pretty clear that the state road, known also as the Salem or Foard's Ferry road, does not now run exactly where it was established by the order of the county court made in 1818. But it is manifest that the change of the location was recognized and ratified as early as 1837 by McKay, over whose land it was made. It does not matter that the change was gradually brought about and that the location did not become fixed, until McKay fenced, or caused his land on either side of the present road to be fenced. By so doing he appropriated to himself the lands over which the road had formerly passed and indicated in an unmistakable manner his intention to dedicate to the public the use of the present route. This dedication the public accepted, not only by using the passway thus set apart, but the keeping of it in repair, by the surveyor and hands, from time to time appointed and assigned by the county court to such duty.

The fact that McKay, the owner of the fee, when acting as surveyor, worked on and kept in repair the present road, places the fact of the dedication beyond all question.

The board of trustees of the town of Princeton need not, therefore, show title, either through the order of the county court establishing the road nor by prescription growing out of long usage.

The estoppel upon the owner of lands, and those claiming title through him growing out of a dedication to the public, does not depend upon the length of time for which the use has been engaged. Washburn Real Property, Vol. 2, page 456.

The doctrines enunciated in the opinion of this court in the case of *Bowman v. Wickliffe*, 15 B. Monroe, do not control the questions involved in this case. In the case cited, the attempt was to show the existence of a private passway, and not of a public highway. The fact that the county court required the road to be kept in repair thirty feet and no more, does not show an intention to assert claim to this thirty feet alone. The entire width of the land had been dedicated by McKay, and the public was under no obligation to keep in repair a greater width of its road than its necessities required.

Appellant holds title through McKay. It is bound by the estoppel that would have bound its vendor had he retained the title, and it cannot escape the effect of this estoppel because the public trespassed upon its property when unenclosed.

Nor because it was once allowed to encroach upon the public highway without complaint.

The town of Princeton, having succeeded to the rights of the county court, was entitled to have its temporary injunction perpetuated.

The judgment of the court below is therefore *affirmed*.

*Lindsay, Bradley, Morrow, for appellants*.

*P. H. Darby, for appellees*.